IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LORETTA SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-044 |
| | ) | (Formerly CR 314-005) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**

_____

Petitioner, an inmate at Alderson A-2, Federal Prison Camp, in Alderson, West Virginia, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. Petitioner alleged several grounds of ineffective assistance of counsel, but of particular relevance at this time, she claims that her attorney failed to file an appeal. In her form motion, attested as true under penalty of perjury, Petitioner states that her counsel failed to "file a timely appeal . . . attorney allowed the time to [pass], without filing . . . [and] attorney neglected to consult me about an appeal, until after the deadline had [passed] for an appeal." (Doc. no. 1, pp. 4, 6.) In her supporting brief, Petitioner makes the unsworn statement that she "reasonably demonstrated to counsel that she was interested in appealing, this giving rise to counsel's duty to consult." (Doc. no. 2, p. 4.) Petitioner goes on to generally discuss counsel's duty to consult with her about her options for an appeal. (Id.)

In response, the government submitted a notarized affidavit from Petitioner's counsel attesting that he did not see any issues after sentencing that would cause him to recommend an appeal, and in particular, that Petitioner did not direct him to file a notice of appeal. (Doc. no. 6-1, ¶ 6, 7.) He does not address the issue raised in the most general manner by Petitioner concerning the duty to consult about filing an appeal. The government argues that Petitioner's lost-appeal claim should be dismissed without an evidentiary hearing because there are no facts showing Petitioner "reasonably demonstrated" to counsel that she was interested in an appeal. (Doc. no. 6, p. 11.)

"[A]n attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995); see also Roe v. Flores-Ortega, 528 U.S. 470, 477-78 (2000) (holding that it is professionally unreasonable for an attorney to fail to follow a defendant's express instructions with respect to an appeal). However, even in cases where a defendant does not specifically instruct her counsel to file an appeal, the Court "must still determine 'whether counsel in fact consulted with the defendant about an appeal,'" and if counsel did not consult, whether there was a duty to do so. Thompson v. United States, 504 F.3d 1203, 1206-08 (11th Cir. 2007) (citing Flores-Ortega, 528 U.S. at 478, 480).

Here, because of the lack of *sworn* detail by Petitioner concerning the exact nature of the claim relating to her appeal rights – indeed, the bulk of Petitioner's information on this point is in her unsworn brief - the Court finds it necessary to require a sworn declaration from Petitioner concerning the *exact* nature of her lost-appeal claim before deciding whether

2

an evidentiary hearing is necessary.

**The Court cautions Petitioner that litigants who lie to this Court may be prosecuted**. As explained by another Magistrate Judge in this District in this same context:

> Lying under oath, either live or "on paper," is illegal. See United States v. Roberts, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); United States v. Dickerson, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in Irick v. United States, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009) (unpublished); see also Colony Ins. Co. v. 9400 Abercorn, LLC, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

Mingo v. United States, CV 614-099, doc. no. 2, p. 4 n.5 (S.D. Ga. Sept. 22, 2015) (Smith, MJ).

Therefore, within twenty-one days of the date of this Order, Petitioner must – on the attached form – provide the details of the exact nature of her lost-appeal claim. She should describe in detail all communications with counsel regarding an appeal, including without limitation, dates, participants, all relevant questions, instructions, and advice having any relevance to the appeal issue. Petitioner should describe in detail all facts concerning her contention that she "reasonably demonstrated to counsel that she was interested in appealing." (Doc. no. 2, p. 4.) If Petitioner fails to comply, the lost-appeal claim in the

§ 2255 motion will be denied for lack of factual foundation.

SO ORDERED this 9th day of November, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LORETTA SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-044 |
| | ) | (Formerly CR 314-005) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **LORETTA SMITH'S STATEMENT**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mailing system on _____, 2015.**

_____

LORETTA SMITH